IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRUNSON COMMUNICATIONS, INC. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ARBITRON, INC. | : | No.: 02-3223 |

## SCHEDULING ORDER

1.    Defendant may file a reply brief in support of its Motion to Dismiss within seven days of service of the opposition brief by Plaintiff, limited to 15 pages and limited to arguments in the opposition brief.

2.    Oral argument will be held on Defendant's Motion to Dismiss on October 8, 2002 at 11:00 a.m., court room to be decided.

3.    Fact discovery shall be completed within six months after the decision on the Motion to Dismiss the Complaint.

4.    Expert reports shall be exchanged within 30 days after the completion of fact discovery, and rebuttal reports may be served within 15 days thereafter.

5.    Expert depositions shall be completed within 30 days of the exchange of all expert reports.

6.    Dispositive Motions shall be filed within 45 days after the completion of expert discovery, with opposition briefs due 30 days thereafter, and the moving party may file a reply brief within 7 days after service of the briefs in opposition, limited to 15 pages and limited to arguments in the opposition brief.

7. Pretrial Memoranda filed and served pursuant to Local Rule 16.1(c), and service of a copy of trial exhibits:

    Plaintiff: Within 60 days after the completion of expert discovery.

    Defendant: Within 15 days after the service of Plaintiff's Pretrial Memorandum.

8. Date for trial or entry into trial pool: To be determined.

9. Any party having an objection to: (a) the admissibility of any exhibit based on authenticity; (b) the adequacy of the qualifications and/or admissibility of testimony of an expert witness expected to testify; or (c) the admissibility of any opinion testimony from lay witnesses pursuant to Federal Rule of Evidence 701, shall set forth separately each such objection in their Pretrial Memorandum. Each objection shall describe with particularity the ground for the objection.

10. If any party desires an "offer of proof" as to any witness or exhibit expected to be offered, that party shall inquire of counsel <u>prior to trial</u> for such information. If the inquiring party is dissatisfied with any offer provided, such party shall file a motion seeking relief from the court prior to trial.

11. Because a witness may be unavailable at the time of trial as defined in Federal Rule of Civil Procedure 32(a)(3), the court expects use of oral or videotape depositions at trial of <u>any witness</u> whose testimony a party believes essential to the presentation of that party's case, whether that witness is a party, a non-party or an expert. The unavailability of any such witness <u>will not be a ground to delay</u> the commencement or progress of an ongoing trial. In the event a deposition is to be offered, the offering party shall file with the court, prior to the commencement of the trial, a copy of the appropriate portions of the deposition transcript, but only after all

efforts have been made to resolve objections with other counsel. Unresolved objections shall be noted in the margin of the deposition page(s) where a court ruling is necessary along with a covering list of the objections with page and line numbers.

12. At least three days before a jury case is listed for trial or appears on the trial list, each party shall submit to the court (Chambers, Room 4001) two copies of (a) proposed jury voir dire questions, (b) proposed jury instructions with pinpoint citations of authority for each point (ONE POINT PER PAGE), (c) proposed jury interrogatories, (d) Motions *In Limine*, and (e) a trial memorandum on the legal issues involved in the case. The originals shall be filed with the Clerk of the Court.

13. At least three days before a non-jury case is listed for trial or appears on the trial list, each party shall submit to the court (Chambers, Room 4001) two copies of (a) Proposed Findings of Fact and Conclusions of Law, (b) Motions *In Limine*, and (c) a trial memorandum on the legal issues involved in the case. The originals shall be filed with the Clerk of the Court.

BY THE COURT:

_____
Michael M. Baylson, J

O:\Scheduling Orders\Brunson v. Arbitron - Scheduling Order.wpd