**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **BRUNSON COMMUNICATIONS, INC.,** : | |
| Plaintiff : | |
| : | NO. 02-CV-3223 |
| v. : | |
| : | |
| **ARBITRON, INC.,** : | |
| Defendant : | |

### PLAINTIFF S MOTION FOR RECONSIDERATION
### AND CLARIFICATION IN PART

PursuantPursuant to Local Rule of Civil Procedure Rule 7.1(g), plaintiffplaintiff Brunson Communications, Inc., plaintiff Brunson Commu reconsiderationreconsideration and reconsideration and clarifreconsidera December 31, 2002 Opinion and Order, and avers in support thereof as follows:

1.1.  A party may file a motion for reconsideration1.  A party may fi enentryentry of a judgment, order or decree, pursuant to Locaentry of a j Civil Procedure 7.1(g).

2.2.  Courts will reconsider, alter or amend a judgment or reconsiderreconsider an issue when there is   ... the emergence of ne evidence not previously available, or the need to correct a clear errorerror of law or to prevent a manifest injustice.  <u>General InstrumentInstrument Corp. v. Nu-Tek Elecs. & Mfg.</u>, 3 F.Supp.2d 602, 606 (E.D.Pa.(E.D.Pa. 1998)(E.D.Pa. 1998), *aff aff  d*197 F.3d 83 (3d Cir. omitted);omitted); <u>See also</u>, <u>Harsco Corp. V. Zlotnicki</u>, 779 F.2d 906, 909

(3d(3d Cir. 1985), *cert. denied*, 476 U.S. 1171, 476 U.S. 1171 (1986), 476 U.S a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence").

3. In determining a motion to reconsider, "the court should keep an open mind, and should not hesitate to grant the motion if necessarynecessary to preventnecessary to prevent manifest necessary to p Sportswear Co. v. Victoria's Secret Stores, 2001 WL 881718, *1 (E.D.Pa. May 1, 2001).

4.4. Herein plaintiff requests reconsideration and clarification ofof this Court's Decemberof this Court's December 31, 2002 Orderof this Co MotionMotion to Dismiss withouMotion to Dismiss without leaMotion to Dismi LLanhamLanham Act claims and two of the common law claims, aLanham Act cl prejudice to plaintiff's right to file a Second Amended Complaint as to the claims for negligence and disparagement.

5. The discovery ordered by the Court was excluded from consideration,consideration, pursuant to the Court's discretion. Howeve addition,addition, plaintiff was denied the opportunity toaddition, plain some counts based, according to the Court, in part on the failure of plaintiff to request an opportunity for leave to amend.

6. While the Court has discretion to exclude or include discovery that it had directed be taken, plaintiff was entitledentitled to assuentitled to assume thaentitled to assume that the thethe discovery. Subsequent to the Amended ComplainSubsequent to the Ame

information was developed in the course of discovery, the absence of which had been described by the Court as a motivating factor in its decision to allow such discovery.

7. By way of this court-ordered discovery, defendant Arbitron, by and through its witness, testified that [the exclusion] of plaintiff from the survey was intentional, and not [the result of error]. At his deposition, Kevin Smith, a [Senior employee of] Arbitron, testified that he believed [the survey began in] March 2002 because Arbitron did [not have enough equipment to] connect all stations; the stations included in the survey were those which had been included in an earlier Wilmington survey, and three others for which Arbitron had equipment.  (Deposition of Kevin Smith, 11/07/02, at 32-36).  If true, Mr. Smith's statements suggest three significant facts: 1) Arbitron chose to offer its limited supply of equipment to other stations rather than WGTW; and 2) Arbitron's public statements regarding [the] accuracy of the survey were made with the knowledge of their falsity; and 3) his statement on May 20, 2002 cla[iming all] channels had been included  misled the industry to believe all stations in the Philadelphia market were [included]. (See Duffin Affidavit, ¶7).

8. This enhances plaintiff's common law claims, [and] enhances the suspect nature of defendant's conduct as it relates to

thethe anti-trust motivational aspects,the anti-trust motivational aspects, Court.  In light of the Court s decision, unknown to the parties, notnot to include consideration of thenot to include consideration of the amend to give plaintiff the opportunity to address these enhanced argumentsarguments is reasonable.  However, the Court did not grantarguments amendamend on the aamend on the antiamend on the antitrust claims, ar seeking leave to amend.

9.  In fact, plaintiff had sought leave to amend in its answeranswer to defendant s Motion to Dismiss (Brief, at 20), and assumed, as is common, that the Court would liberally grant leave toto amend sua sponte.  See Heyl & PattersonHeyl & Patterson Int l, Inc. vHe Housing Virgin Islands, Inc., 663 F.2d 419 (3d Cir. 1981)(stating thatthat the policy of Fed.R.Civ.P. Rule 15(a) is to liberally grant leaveleave to amend the pleadings). The discovery in thisleave to amend the p wisdomwisdom of liberally allowing amendment.  To the extent that plaintiffplaintiff has not done so up to now, plaintiff should be allowed to seek leave at this time.  The Statute of Limitations has not run, andand defendant would not be prejudiced by allowing a second amended complaint.complaint.  Multiple amendments are common in complicated anti- trutrusttrust matters, as well as complex commercial situations, atrus plaintiff s knowledge of the facts is evolving.

10.  Plaintiff has developed, from the website of defendant Arbitron,Arbitron, as well as the testimony and exhibits produced by

Arbitron, more of the nature of the relationship between Arbitron and Neilson. This information was summarized in discovery submission to the Court in paragraphs 5 and 6. As stated, plaintiff is now in possession of the intention of Neilson and Arbitron to the Court may recall that this was advanced in oral argument, but was denied and characterized divisively by counsel in oral arguments. The action of Arbitron and Neilson, therefore, is subject to being treated as that of a single entity for antitrust law purposes. (Plaintiff's Brief, pages 8-9).

11. In its Opinion, the Court held that a single product can never be the subject of a market, but the United States Court held otherwise in the <u>DuPont</u> case, cited by plaintiff at Brief, page 7, as well as in oral argument. <u>See</u> <u>United States v. E.I. Du Pont Nemours & Co.</u>, 351 U.S. 377 (1956)("When a product is controlled by one interest, without substitutes available in the market, there is monopoly power."); <u>see also</u> <u>Eastman Kodak Co. of New York v. Southern Photo Materials Co.</u>, 273 U.S. 359 (1927).

12. While it is true that plaintiff did not file a motion for leave to file an amended complaint after oral argument, plaintiff was complying with the Court's directive as to the directive which was given to the parties at oral argument; and reasonably assumed its request for leave was reasonably a

articulated, and that the discovery product would be considered.

13.13. By way of13. By way of request for clarification,13. By way of informationinformation justifies the adinformation justifies the addiin installation, which was not alleged in the amended complaint, as wellwell as a claim for reckless disregard of rights in Pennsylvania law.law.  Plaintiff believes that Pennsylvania law clearly supports bothboth oboth of these claims, where Arbitron held itself out a authoritative,authoritative, and heldauthoritative, and held its information full knowledge that plaintiff was omitted.

14.  The Court did not indicate clearly whether plaintiff s amendedamended complaint, permitted by the Court, would be limited to the amendmentamendment of theamendment of the previous counts for negligenceamen or whether plaintiff could add new counts.

15.  Plaintiff requests clarification, as to whether an additionaladditional motion is necessary to allow additional counts, or whetherwhether they should bewhether they should be included in the upcoming

**WHEREFORE**,, plaintiff requests that the Cou, plaintiff requests that decisiondecision insofar as the Court excluded the Sherman Act claims with prejudice, and allow an amended complaint as to them; and clarify thatthat plaintiff may add additional negligence claims (whether as separateseparate counts or otherwise) relating to differenseparate counts

andand different conduct of the defendant, within the scope of the Court's Order.

                                                    ROBERT J. SUGARMAN
                                                    Counsel for Plaintiff

OF COUNSEL:

SUGARMAN & ASSOCIATES
11th Floor, Robert Morris Building
100 North 17th Street
Philadelphia, PA 19103
(215) 864-2500

Dated: January 15, 2003