IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRUNSON COMMUNICATIONS, INC. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ARBITRON, INC. | : | NO. 02-3223 |

MEMORANDUM

**Baylson, J.**                                                                                                           February 21, 2003

      Plaintiff has moved for Reconsideration and Clarification in part, regarding the Court's Memorandum and Order dated December 31, 2002, *inter alia*, dismissing Plaintiff's antitrust claims and giving Plaintiff leave to amend its claims for negligence and disparagement.

      The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171, 106 S. Ct. 2895, 90 L. Ed. 2d 982 (1986). A court should grant a motion for reconsideration only "if the moving party establishes one of three grounds: (1) there is newly available evidence; (2) an intervening change in the controlling law; or (3) there is a need to correct a clear error of law or prevent manifest injustice." Drake v. Steamfitters Local Union No. 420, C.A. No. 97-585, 1998 U.S. Dist. LEXIS 13791, at *7-8 (E.D. Pa. Sept. 3, 1998) (citing Smith v. City of Chester, 155 F.R.D. 95, 96-97 (E.D. Pa. 1994)). "Because federal courts have a strong interest in finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Industries, Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

The Plaintiff filed its Complaint on May 24, 2002. Upon receipt of the Defendant's Motion to Dismiss the original Complaint, Plaintiff exercised its right to file an Amended Complaint, in which it made substantive changes from the original Complaint. Defendant, nonetheless, exercised its right to move to dismiss the Amended Complaint, and the Court heard argument on October 8, 2002.[1]

At the oral argument, Defendant made substantive arguments attacking the sufficiency of the antitrust claims. Although the Plaintiff had, in the "wherefore" clause of its brief in opposition to the Motion to Dismiss, stated generally that it would like leave to amend further the Amended Complaint, at no time during the oral argument on October 8, 2002, or following the post-argument discovery, did the Plaintiff either reiterate its desire to amend either its legal theories, or did it at any time specify what additional facts it had that would warrant amendment to counter the substantive legal arguments made by Defendant.

Now, in its Motion for Reconsideration and Clarification, the Plaintiff asserts that it has additional evidence from the Defendant's website, but there is no explanation as to what this information is, and there is no allegation that it was not available during the briefing period.[2]

---

[1]At the argument, the Court directed the parties to proceed with discovery on the limited topic of the contents of Defendant's reports and any statements made by Defendant concerning those reports. Upon completion of that discovery, the parties filed additional factual materials, but the Court did not consider them in ruling on the sufficiency of Plaintiff's Amended Complaint. Plaintiff argues the Court should have considered the results of this discovery, but cites no authority that the Court erred in basing its decision on the allegations alone. The Court again states its conclusion that the discovery was not relevant as to the Counts which were dismissed with prejudice.

[2]In its reply brief, Plaintiff characterizes this evidence as "newly available" but acknowledges that it results from the discovery period; thus, it is not "newly available" as that term is commonly understood.

Plaintiff further argues that the Court has not given sufficient effect to the conduct of Defendant and its competitor Nielson. The argument that Plaintiff has evidence that Defendant acted fraudulently and intentionally does not require a change in the Court's Order, because it was not based on any lack of allegations of intent or fraud. Plaintiff's current Motion does not present any arguments that the reasons stated in the Court's Memorandum of December 31, 2002, are based on a misunderstanding of Plaintiff's allegations or the law.

Given the role of Plaintiff and Defendant in, and the nature and structure of, the industry, the Court stated in its Memorandum and still believes that it would be futile to allow Plaintiff to attempt further to state a valid antitrust claim. Plaintiff has had two opportunities to plead its antitrust claims, and also to defend them at oral argument and in briefs. Plaintiff's Motion for Reconsideration and Clarification fails to set forth any facts, legal precedent or theory that would suffice under the relevant antitrust laws.

Even in Plaintiff's Motion for Reconsideration, Plaintiff advocates contradictory concepts. On page 9 of its Memorandum, the Plaintiff asserts that its "information confirming the intention of Nielson and Arbitron to consider forming a joint venture" requires a conclusion that "the action of Arbitron and Nielson, therefore, is subject to being treated as that of a single entity for antitrust law purposes." Then, on page 10, Plaintiff argues that the Court's opinion is in error because it "does not acknowledge the relationship of Nielson and Arbitron such as to make them either one monopolist or to create sufficient evidence of the relationship to make them antitrust competitors operating in combination." Plaintiff is making stabs in the air suggesting that several different types of business structure are antitrust violations and that, without more, Plaintiff is entitled to embark on an antitrust claim. Assuming that Arbitron and

Nielson are engaged in a joint venture, it is not necessarily subject to being treated either as a combination under Sherman Act § 1 or as a single entity under Sherman Act § 2 for antitrust purposes. Plaintiff cites no authority that a joint venture makes them "antitrust competitors operating in combination," which of course, is an entirely different theory of antitrust liability than the two of them operating as a single entity.

The Court reiterates that Plaintiff's allegations are conclusory and factually insufficient under the numerous authorities cited in the Court's December 31, 2002 Memorandum. As noted in the December 31, 2002 Memorandum, the Plaintiff alleged the relevant market as the "Philadelphia viewer measurement market." Plaintiff further alleged that both Defendant Arbitron and Nielson are participants in this market. Plaintiff's Complaint does not specifically allege that Defendant's own "product" is the market; nor does the Court's December 31, 2002 Memorandum explicitly fault Plaintiff, or base the dismissal of the antitrust claims on Plaintiff alleging a market consisting entirely of Defendant's own product.[3]

With regard to Plaintiff's claims concerning negligence, the Court did give Plaintiff the right to replead as to negligence and disparagement. Plaintiff's Motion discusses a contention of claiming "reckless disregard of harm," citing three Pennsylvania cases: Dumanski v. City of Erie, 34 A.2d 508 (Pa. 1943); Kenner v. Kappa Alpha Psi Fraternity, Inc., 808 A.2d 178 (Pa. Super. 2002); and Maxwell v. Keas, 639 A.2d 1215 (Pa. Super. 1994). All three of these cases discuss general principles of negligence law, such as the factors governing the formation of a legal duty

---

[3]Plaintiff erroneously suggests that the Court concluded that "a single product can never be the subject of a market," which is contrary to United States v. E.I. DuPont Nemours, Inc., 351 U.S. 377 (1956). On the general topic of a single product constituting a relevant antitrust market, see cases collected in ABA Section of Antitrust Law, Antitrust Law Developments (5th Ed. 2002, Vol. 1, p. 556-573).

of care. In Plaintiff's reply brief, Plaintiff clarifies that it does not seek to add a separate cause of action for reckless disregard of harm, but seeks leave to include this concept in its repleading of its negligence claims. The Court does not at this time take any view as to the number of negligence counts that can be alleged or their content.

      For the above reasons, Plaintiff's Motion for Reconsideration and Clarification will be denied. Because some discovery has taken place and there will undoubtedly be additional discovery, the Court will schedule a pretrial conference to set a discovery schedule.

      An appropriate Order follows.

O:\Bench Memoranda\Brunson v. Arbitron Mem 02-3223.wpd

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRUNSON COMMUNICATIONS, INC. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ARBITRON, INC. | : | NO. 02-3223 |

## ORDER

AND NOW, this         day of February, 2003, Plaintiff's Motion for Reconsideration and Clarification is in part DENIED.

The Court shall hold a pretrial scheduling conference by telephone on Wednesday, March 26, 2003 at 4:30 p.m. Plaintiff's counsel shall initiate the call, and when all counsel are on the line, call Chambers at 267.299.7520.

BY THE COURT:

Michael M. Baylson, U.S.D.J.

O:\Bench Memoranda\Brunson v. Arbitron Mem 02-3223.wpd