IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA


BRUNSON COMMUNICATIONS, INC.,         :
                              Plaintiff :
                                      :    NO. 02-CV-3223
            v.                        :
                                      :
ARBITRON, INC.,                       :
                              Defendant :
                                      :


## MOTION FOR LEAVE TO AMEND

PlaintiffPlaintiff respectfully movesPlaintiff respectfully moves for l
to conform to any requisite additional allegations which might be
requiredrequired in view of required in view of the Court required in vie
Dismiss filed by defendant Arbitron, and avers in support thereof
the following:


1.    Both as to the disparagement count and the negligence
councouncount defecount defendant has one ground for dismissal, the asser
thethe plaintiff has not adequately pled specific damages, or met the
common law standards for such allegations.

2.    As set forth in plaintiff s memorandum in opposition to
thethe Motion, the Motion, plaithe Motion, plaintiff believes that the Sec
meetsmeets the standarmeets the standardsmeets the standards of requir
plaintiffplaintiff has alleged the type of damages caused, i.e., loss of
customerscustomers and therefore loss of revenue, and loss customers and t

withwith similar results. (Second Amended. (Second Amended Complaint, paragr

38).

    3.   Further, as set forth in the cases, plaintiff has

attemptedattempted to bear inattempted to bear in mindattempted to bear in mi

why it cannot identify specific customers at this time.

    4.   Plaintiff is presently undertaking efforts to

systematically research its files, now that a year has passed, in

anan effort to man effort to more an effort to more systematically and

actual damages.

    5.   Plaintiff is uncertain whether an expert analysis may

oror may notor may not be feasible at thisor may not be feasible at this tim

house belief.

    6.   PlaintiffPlaintiff believes that additionalPlaintiff believes that

isis not required by the Federal Rules, which control the pleading

requirements.

    7.   If, however, the court determines that the pleading

requirementsrequirements of Rule 8 are subordinate in this instance to t

commoncommon law elements and recommon law elements and require comm

addressed to the common law standards, then plaintiff requests an

opportunity to replead in order to express those points.

    8.   In addition, although plaintiff does not believe any

otherother elements of the causes of action can be enhanced by

additionaladditional pleading, plaintiff is not yet aware of the Court

requirements for such pleading, as compared to the Second Amended Complaint, and if the Court deems that the Complaint inadequately sets forth the cause of action (either because of new law such as thethe <u>Sharpe</u> case, case, or for any other reason or dispute as to the case, requirements),requirements), then plaintiff requests an opportunity reformulatereformulate the Complaint, if supportedreformulate the Complaint, some unexpected change.

9. Plaintiff relies upon the pleading rules and the liberality by which amendment is to be given pursuant to Rule 15, andand as articulated by the Court and as articulated by the Court in i request for leave to amend, as an alternative request.

WHEREFORE,WHEREFORE, in the event the Court finds the Complaint to be wanting, plaintiff requests leave to amend.


 

 

 

_____
ROBERT J. SUGARMAN
Counsel for Plaintiff

OF COUNSEL:


SUGARMAN & ASSOCIATES
11th Floor, Robert Morris Building
100 North 17th Street
Philadelphia, PA 19103
(215) 864-2500


Dated: May 7, 2003