IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

**BRUNSON COMMUNICATIONS, INC.,**     :
                                       Plaintiff   :
                                               :     **NO. 02-CV-3223**
      v.                              :
                                               :
**ARBITRON, INC.,**                  :
                                   Defendant :
                                               :

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO AMEND**

Plaintiff, Brunson Communications, Inc., respectfully submits this Memorandum of Law in support of its Motion to Amend.

### FACTS

In its Motion to Dismiss, Defendant has one ground for dismissal, both as to the disparagement and negligence counts of the Complaint. Therein, Defendant asserts that the plaintiff has not adequately pled specific damages, or met the common law standards for such allegations. However, as set forth in plaintiff's memorandum in opposition to the Motion, plaintiff believes that the Second Amended Complaint meets the standards of required allegations, and specifically plaintiff has alleged the type of damages caused, i.e., loss of customers and therefore loss of revenue, and loss of reputation, with similar results. (Second Amended Complaint, paragraphs 37 and 38).

Further, as set forth in the cases, plaintiff has attempted to

bear in mind and articulate its damages and the reason why it cannot identify specific customers at this time.  Additionally, Plaintiff is presently undertaking efforts to systematically research its files, now that a year has passed, in an effort to moremore systematically and quantitatively assessmore systematically and qua

## ARGUMENT

Amendments to pleadings are liberally granted to secure a determination of cases on their merits whenever possible. <u>Beckner v. Copeland Corp.</u>, 785 A.2d 1003 (Pa.Super.2001).  Leave to amend lies within the sound discretion of the trial court and the right to amend should be liberally granted at any stage of the proceedings unless there is an error of law or resulting prejudice to an adverse party.  <u>Werner v. Zazyczny</u>, 681 A.2d 1331 (Pa. 1996).  Prejudice must be more than a detriment to the other party, since any amendment almost certainly will be designed to strengthen the legal position of the amending party and correspondingly to weaken the position of the adverse party. <u>Standard Pipeline Coating Co. v. Solomon & Teslovich, Inc.</u>, 496 A.2d 840 (Pa.Super. 1985).

Here, Plaintiff relies upon the pleading rules and the liberality by which amendment is to be given pursuant to Rule 15, and as articulated by the Court in its Opinion, to support its request for leave to amend.  <u>See</u> F.R.C.P.Rule 15.  Plaintiff

believes that additional evidence at this time is not required by the Federal Rules, which control the pleading requirements. See F.R.C.P.Rule 8. If, however, the Court determines that the pleading requirements of Rule 8 are subordinate in this instance to the common law elements and require pleading evidentiary matters addressed to the common law standards, then plaintiff requests an opportunity to replead in order to express those points.

## CONCLUSION

Although plaintiff does not believe any other elements of the causes of action can be enhanced by additional pleading, plaintiff is not yet aware of the Court's requirements for such pleading, as compared to the Second Amended Complaint, and if the Court deems that the Complaint inadequately sets forth the cause of action, then plaintiff requests an opportunity to reformulate the Complaint, if supported by the facts, so as to meet some unexpected change.

Respectfully submitted,

---

ROBERT J. SUGARMAN
HEATHER R. BRINTON
Counsel for Plaintiff

F:\BRUNSON\Arbitron\Pleadings\mol.mot.amend.wpd

OF COUNSEL:

SUGARMAN & ASSOCIATES
11th Floor, Robert Morris Building
100 North 17th Street
Philadelphia, PA 19103
(215) 864-2500

Dated: May 7, 2003