IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
BRUNSON COMMUNICATIONS, INC.,       :
                         Plaintiff  :
                                    :    NO. 02-CV-3223
         v.                         :
                                    :
ARBITRON, INC.,                     :
                         Defendant  :
```

## MOTION TO COMPEL

Plaintiff moves that the Court compel responses to discovery by defendant Arbitron, and avers in support thereof the following:

1. In its Second Amended Complaint, plaintiff avers, inter alia, that defendant Arbitron violated a legal duty by knowingly and intentionally excluding plaintiff from a purported comprehensive survey of viewership in the Philadelphia television market in January - April 2002.  (A copy of the plaintiff s Second Amended Complaint is attached hereto as Exhibit A and the Court is respectfully referred to paragraphs 44 through 51 thereof).

2. In addition, in its Second Amended Complaint plaintiff alleged that defendant acted in collusion with Nielson Rating System, Inc.  (Second Amended Complaint, Exhibit A,  paragraphs 11 and 46).

3. In limited pre answer discovery, a court ordered deposition, defendant asserted the failure to survey plaintiff

was due to a shortage of necessary equipment.

4.  Accordingly, Plaintiff initiated discovery, in accordance with the Rules, and served interrogatories and requests to Arbitron, requesting information relating to the representations advanced by Arbitron, specifically the alleged shortage of equipment.  (Copy of deposition excerpt during limited discovery attached hereto as Exhibit B).  Plaintiff also sought discovery regarding the relationship between Arbitron and Neilsen, which Arbitron had asserted was unsubstantiated by plaintiff s previous submissions.

5.  The Second Amended Complaint is in accordance with the permissible scope of amendment, as limited by the Court.

6.  The requested discovery is directly relevant and material to the issues, and will elicit admissible evidence, or lead to other relevant information and admissible evidence.

7.  In a status conference on March 26, 2003, and by Order, the Court directed that written discovery proceed.

8.  Despite the Court s order, Defendant nevertheless refused to respond, asserting that the issues are not relevant to the original complaint, and that the amended complaint is not authorized.  (Defendant s Responses to Plaintiff s Interrogatories and Requests, attached as Exhibit C.)

9.  Defendant also asserted an interest in confidentiality.

10. Plaintiff made a prompt and good faith effort to resolve these issues with defendant, including offering a confidentiality stipulation. A copy of plaintiff s letter Of April 15, 2003 is attached hereto as Exhibit D. Defendant, however, has entirely failed to respond to plaintiff s request or good faith efforts, and indeed, has made no response whatsoever.

11. In an oral conversation on or about May 5, 2003, counsel renewed his request for dialogue to defendant s local counsel, who acknowledged the failure to respond, stated he would communicate with principal counsel, but no response was received.

WHEREFORE, plaintiff respectfully requests that the Court order that defendant comply with the discovery request, and if the court deems confidentiality to be required or justified, the court direct that the materials be held in confidence for use in this litigation only in its Order.

                                        ROBERT J. SUGARMAN
                                        Counsel for Plaintiff

OF COUNSEL:

SUGARMAN & ASSOCIATES
11th Floor, Robert Morris Building
100 North 17th Street
Philadelphia, PA 19103
(215) 864-2500

Dated: May 8, 2003