IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


BRUNSON COMMUNICATIONS, INC.,        :
                           Plaintiff :
                                     :      NO. 02-CV-3223
          v.                         :
                                     :
ARBITRON, INC.,                      :
                           Defendant :


### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL

Plaintiff has moved for answers to interrogatories and production of documents regarding issues key to plaintiff s complaint.  Defendant has refused to answer the interrogatories or provide documents, based on defendant s claims that they are not relevant to the original complaint; that the Second Amended complaint is not authorized; and that there is a confidentiality issue.  The confidentiality issue can be addressed through an order of confidentiality, and therefore this brief addresses the issues (a) whether plaintiff s Second Amended Complaint is authorized, and (b) whether the discovery is relevant.

The initial complaint herein had assumed that the exclusion of plaintiff from the initial Arbitron survey in January - April 2002 was inadvertent.  It did not make a claim for an intentional exclusion.

The complaint was based on the defendant s refusal to respond properly to what plaintiff s believed was an inadvertent

F:\BRUNSON\Arbitron\Pleadings\memooflaw.wpd

error.

In the course of the court ordered limited discovery, plaintiff learned by testimony of defendant  s designated witness that the exclusion of plaintiff had been intentional, that defendant could not obtain a sufficient quantity of equipment. Naturally, plaintiff is skeptical, and therefore seeks to learn exactly why and in what way defendant could not procure an adequate quantity of equipment.  In short, defendant admits that the exclusion of plaintiff from the initial survey was intentional and deliberate, but plaintiff believes that the reason being offered is either protection or insufficient.  In addition, plaintiff believes that the financing available through Nielson, as well as Neilson  s participation in the joint venture, will be relevant to determining the actual reason why plaintiff was excluded.

Plaintiff  s request for classification of the permitted scope of the Second Amended Complaint was denied, the Court reserving the issue.

Having been authorized by the Court to amend the complaint, and not having been excluded from asserting these claims in the Second Amended Complaint, plaintiff made allegations based on information and belief through its negligence and disparagement claims, and contemporaneously sought to explore the excuses.

Defendant refused all discovery in this area, by its responses.

ARGUMENT

Plaintiff s Second Amended Complaint is well within the authority of the Federal Rules allowing for amended claims that are within the scope of the series of transactions and occurrences, and therefore are appropriately joined. In no way has anything occurred in this case which would preclude or foreclose those claims, whether viewed as additional, or elaborated from plaintiff s initial complaint.  Plaintiff had complained about its exclusion from the initial survey, and cannot be faulted for having failed to allege, without evidence, that the exclusion was intentional; until the disclosure of that fact by defendant in deposition.

Defendant does not seem to directly challenge the foregoing; but rather, appears to contend that the Court intended to foreclose these amendments in its opinion dismissing the initial tort claim as insufficiently articulated, while allowing amendment.

While defendant has also attacked the amended complaint claim as failing to state a claim (based on alleged lack of duty), this issue has been briefed separately, and was addressed therein.

The Court did not exclude the amendment, nor would it have been appropriate for the court to have excluded the amendment. As the Court noted in its Opinion of December 31, 2002, amendment should be liberally granted where a viable claim can be asserted. Especially given that plaintiff did not have the information that it had been intentionally excluded until prior to filing the amended complaint, therefore, there would be no reason or justification for excluding that amendment.

Moreover, a party  may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action.    F.R.C.P.Rule 26(b)(1). Relevancy is construed broadly to   encompass any matter that bears on or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.   Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).  Therefore, since the discovery is relevant to the Second Amended Complaint, it should be permitted.

In addition, in a conference call on scheduling on March 26, 2003, the Court directed that written discovery should proceed. Defendants at that time had sought an additional extension of their deadline to respond to the Second Amended Complaint.

So directing, the Court clearly expected that defendant would not rely on allegations of inadequacy in its claims, or on

any claim that the amended complaint exceeded the permissible scope.  Defendant s refusal to answer is therefore essentially in disregard of the Court s direction.  The Court contemplated that the discovery would be furnished, and by objecting on the procedural grounds which it has asserted, defendant has essentially defeated the Court s expectation, if its position is permitted.

Accordingly, the Court should require the requested discovery, providing for any confidentiality to be protected, if appropriate.

Respectfully submitted,

_____
ROBERT J. SUGARMAN
Counsel for Plaintiff

OF COUNSEL:

SUGARMAN & ASSOCIATES
11th Floor, Robert Morris Building
100 North 17th Street
Philadelphia, PA 19103
(215) 864-2500

Dated: May 8, 2003