IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
BRUNSON COMMUNICATIONS, INC.,     :
                  Plaintiff       :
                                  :     NO. 02-CV-3223
        v.                        :
                                  :
ARBITRON, INC.,                   :
                  Defendant       :
```

**MEMORANDUM OF LAW IN SUPPORT OF SUPPLEMENT TO MOTION TO COMPEL**

Plaintiff has moved for answers to interrogatories and production of documents regarding issues key to plaintiff's complaint.

Plaintiff's interrogatories included twenty-three (23) questions, plus several non-discrete parts. Defendant has refused to answer the interrogatories or provide documents, partly based on defendant's claim that Plaintiff's requests exceed the 25 Interrogatory limit set forth in Fed.R.Civ.P. 33.

ARGUMENT

F.R.C.P. 33(a) provides: a party may serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts... Rule 33(a) does not define the term "discrete subparts," and it is in the ambit of the courts to determine the term's meaning. In <u>Williams v. Board of County Commissioners of the Unified Government of Wyandotte County and Kansas City, Kansas</u>, 192 F.R.D. 698, 701 (D.Kan.

2000), the court addressed the issue as follows:

> Interrogatories often contain subparts. Some are explicit and separately numbered or lettered, while others are implicit and not separately numbered of lettered. Extensive use of subparts, whether explicit or implicit, could defeat the purposes of the numerical limit contained in Rule 33(a), or in a scheduling order, by rendering it meaningless unless each subpart counts as a separate interrogatory. On the other hand, the use interrogatories might be unduly restricted or requests for increases in the num become automatic.

Additionally, the Advisory Committee addressed this issue in amending Rule 33 and provided some guidance as to when subparts should not count as separate interrogatories:

> . . . [A] question asking about communications of a particular type should be treated a interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication.

Advisory Committee Note, 146 F.R.D. 401, 675-76 (Fed. 1993). Wright and Miller state that the test is an interrogatory containing subparts directed at eliciting details concerning a common theme should generally be considered a single question. 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, <u>Federal Practice and Procedure</u>, § 2168.1 (2d ed. 1994).

Herein, plaintiff's Interrogatories contain subparts directed at a common theme. For example, Interrogatory #1

addresses the utilization and identification of equipment in defendant's survey. Interrogatory #9 addresses the identification, description and methodology with regard to the deficiency in plaintiff's signal between April and July 2002. Moreover, similar to #1 and #9, all interrogatories that contain subparts address a single theme. The subparts are needed to avoid the twin problems of overbreadth, and vagueness, and in fact, reduce a good faith defendant's burden by providing clarity and specificity. As such, the subparts to plaintiff's interrogatories should not be separately numbered for purposes of Rule 33. (Substantially similar subparts were treated as plaintiff proposes in <u>Barron v. St. Joseph's University, et al</u>, No. 01-CV-3063 (E.D.Pa. 2002)). (Copy of interrogatories and Order included in Exhibit B attached to the Supplemental Motion).

In the alternative, the inquiries are necessary, so even if the Rule is construed to require that some of them should be treated as separate interrogatories, the exceedence is allowable for good cause, which is to be liberally granted. <u>See</u> <u>In re Rajkovic</u>, 2000 WL 194661, *2 (Bankr.E.D.Pa.)(holding that under Fed.R.Civ.P. 26(b)(2) court can alter the rules on the number of interrogatories if, inter alia, "the subparts of each numbered interrogatory

are all closely related to each other so as to form one essential inquiry, and because of the relatedness, the numerosity of the questions do no impose an additional burden to answer ).

Accordingly, the Court should reject defendant's objection based on exceedence.

                                    Respectfully submitted,

                                    _____
                                    ROBERT J. SUGARMAN
                                    Counsel for Plaintiff

OF COUNSEL:

SUGARMAN & ASSOCIATES
11th Floor, Robert Morris Building
100 North 17th Street
Philadelphia, PA 19103
(215) 864-2500

Dated: May 8, 2003