## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------------------

BRUNSON COMMUNICATIONS, INC           :
                                      :
              *Plaintiff,*            :
                                      : Civil Action No.:  02 CV. 3223
        v.                            :
                                      :
ARBITRON, INC.                        :
                                      :
              *Defendant.*            :

------------------------------------------------------------

### O R D E R

AND NOW, this ____ day of _____, 2003, upon consideration of Plaintiff Brunson

Communications, Inc.'s Motion, pursuant to F.R.Civ.P. 15(a), for leave to amend its Complaint,

and Defendant Arbitron, Inc.'s opposition thereto, it is hereby

ORDERED, ADJUDGED and DECREED that said motion is DENIED in its entirety;

and it is further

ORDERED, ADJUDGED and DECREED that Defendant Arbitron is awarded its costs

and attorneys fees of this Motion, to be taxed by a Bill of Costs to be filed within 10 days of the

date hereof; and Plaintiff shall have 10 days from such filing to file any objections thereto.

BY THE COURT:


_____
                              , U.S.D.J.

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

_____x
                                  :

BRUNSON COMMUNICATIONS, INC.        :
                                  :

               Plaintiff,         :

                                  : Civil Action No.: 02 CV. 3223

         v.                 :

                                  :

ARBITRON, INC.                     :

                                  :

              Defendant.      :
_____x

### DEFENDANT'S MEMORANDUM LAW IN OPPOSITION
### TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND

Plaintiff Brunson's Motion for Leave to Amend its Second Amended Complaint ("Motion")
is frivolous.  Defendant Arbitron submits this Memorandum in Opposition to Plaintiff's Motion and
requests that the Court not only deny the Motion, but also award Defendant its attorney fees incurred
in responding to Plaintiff's Motion.

Plaintiff yet again requests leave of this Court to further amend its complaint.  This time,
however, Plaintiff has failed to even allege any new facts to support an amendment;  failed to submit
a proposed new pleading for the court to consider; and actually concedes in its Motion that prior to
filing the Second Amended Complaint and as of the filing of the instant Motion, Plaintiff has failed
to complete an investigation of the facts necessary to support its claims.  Plaintiff filed its original
Complaint on or about May 24, 2002.  The Arbitron test reports at issue were published in May 2002
and July 2002.  Plaintiff has had more than ample opportunity to investigate and plead its case and
should not now be granted another chance to re-plead when the facts have not and will not change.

00614363.1

Arbitron has incurred significant financial expenses for attorneys fees and costs in responding to Brunson's first three complaints. Plaintiff's motion for leave to replead should be denied.

The Court should also impose monetary sanctions, particularly where Plaintiff admits in its Motion that prior to filing its Amended and Second Amended Complaints, it failed to investigate whether it had, in fact, incurred any damages from the alleged disparaging/negligent activity of Defendant. Plaintiff's admitted failure to investigate and substantiate the facts to support is pleadings prior to filing its Complaints is sanctionable under Rule 11 and is further indicative of Plaintiff's intent to harass and burden Defendant with needless and unnecessary attorneys fees and costs in connection with baseless claims. Indeed, where as here, Plaintiff's proposed amendment has no basis in fact or law, and in fact no new pleading has even been proposed for amendment, leave to amend should be denied. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiff has failed to follow the Federal Rules of Civil Procedure by omitting the recitation of any new facts to support the filing of another amended complaint. Most telling is the fact that Plaintiff fails to submit with its Motion a proposed third amended complaint. Courts in this district have denied motions to amend where the proposed pleading was not attached to the motion to amend. One Eastern District of Pennsylvania court noted that:

> It is customary for a party seeking to amend his pleading to attach a copy of the proposed Amended Complaint so that the Court can make a reasoned evaluation of whether the proposed amendments would be effective. ... Here, however, it is impossible to evaluate the nebulous and essentially unconsidered amendments which plaintiff suggests he might be able to make to his claims as presently stated. **Thus, we conclude that plaintiff is simply grasping at straws in an attempt to avoid dismissal of his case.** He is, in effect, requesting time to make another attempt at pleading ... without any clear idea, at present, of whether he can actually do so.

*Piersol v. Clancey*, 1991 U.S. Dist. LEXIS 1174, *7 (E.D. Pa. 1991) (citations omitted) (emphasis

added); *Ladd v. Plummer*, 1993 U.S. Dist. LEXIS 1187, *3-4 (E.D. Pa. 1993) ("[W]hen a party files

a motion seeking leave to amend a pleading pursuant to Rule 15(a) of the Federal Rules of Civil

Procedure, it should or must attach a copy of the proposed amended pleading to such a motion.").

These authorities are particularly apposite in this case.

Respectfully, the Court should deny Plaintiff's Motion and award defendant its reasonable

attorneys fees for opposing this motion.

Dated: May 27, 2003                          Respectfully submitted,

                                             Alfred Fabricant, Esq.
                                             Marc Lieberstein, Esq.
                                             Douglas Q. Hahn, Esq.
                                             OSTROLENK, FABER, GERB & SOFFEN, LLP
                                             1180 Avenue of the Americas
                                             New York, New York 10036
                                             Telephone:  (212) 382-0700
                                             Facsimile:  (212) 382-0888

                                             - and -

                                             SPECTOR GADON & ROSEN, P.C.

                                             By: _David Picker_____
                                                 David B. Picker, Esq.
                                             1635 Market Street, 7th Floor
                                             Philadelphia, Pennsylvania 19103
                                             Telephone: (215) 241-8888
                                             Facsimile: (215) 241-8844

                                             Attorneys for Defendant

## CERTIFICATE OF SERVICE

It is hereby certified that a true copy of the foregoing **DEFENDANT'S**

**MEMORANDUM LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE**

**TO AMEND**, with exhibits, was served by first class mail, postage prepaid on this 27th day of

May, 2003 as follows:

Robert J. Sugarman, Esq.
Sugarman & Associates, PC
Robert Morris Building, 11th Floor
100 North 17th Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 864-2500
Facsimile: (215) 864-2501

Attorney for Plaintiff

_____
David B. Picker

F:\27745\001\pleadings\MotAmendOpp.wpd

00614363.1